## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MONIQUE MAYERS, | |
| Plaintiff, | |
| v. | Civil Action No. 1:26-cv-02437-VMC |
| CURTIS JAMES JACKSON III, a/k/a "CURTIS JACKSON," a/k/a "50 CENT," a/k/a "FIF," a/k/a "FIFTY," | |
| Defendant. | |

## ORDER

The instant action filed in this court pursuant to 28 U.S.C. § 1332[1] is before the Court on a *sua sponte* review of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Thus, the Court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings; indeed, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Id.*

In order to invoke a federal court's diversity jurisdiction, a plaintiff must establish that the parties are citizens of different states and that the amount in

---

[1] No federal question is presented in the Complaint.  (*See generally* Compl. Doc. 1)

controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" — the citizenship of every plaintiff must be diverse from the citizenship of every defendant."); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Plaintiff has failed to establish the citizenship requirement. That is because the Complaint does not make clear whether complete diversity exists between the parties. Plaintiff alleges that she is a resident of the state of Georgia and that Defendant is a resident of Texas, but in order to properly invoke this Court's jurisdiction, Plaintiff must allege the parties' citizenship. That means alleging domicile. "Individuals . . . are only citizens of the state in which they are domiciled . . . and they have only one domicile." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011). Domicile is defined as the place of a person's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (quoting *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005)). "Domicile is not necessarily synonymous with residence . . . one can reside in one place but be domiciled in another." *D.R. ex rel. Igles v. Grant*, 770 F. Supp. 2d 1337, 1344 (M.D. Ga. 2011) (citing *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989)) (internal quotation marks omitted). "For diversity purposes, . . . mere residence in

2

the State is not sufficient." *Id.* (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why the Court should not dismiss this case for lack of subject matter jurisdiction no later than May 21, 2026. Plaintiff's Response should include corrected allegations about the Parties' citizenship. The Court **ADVISES** Plaintiff that the failure to comply with this Order will result in the dismissal of her case without prejudice for lack of jurisdiction. The Clerk is directed to submit this matter to the undersigned on May 22, 2026.

**SO ORDERED** this 7th day of May, 2026.

Victoria Marie Calvert
United States District Judge

3