**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| MONIQUE MAYERS, <br><br> Plaintiff, <br><br> v. <br><br> CURTIS JAMES JACKSON III, a/k/a "CURTIS JACKSON" a/k/a "50 CENT," a/k/a "FIF," a/k/a "FIFTY," <br><br> Defendant. | Civil Action No.: 1:26-cv-02437 (VMC) |

**RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Monique Mayers ("Mayers" or "Plaintiff"), by and through her undersigned counsel, respectfully submits this response to the Court's May 7, 2026 Order to Show Cause (see Dkt. No. 3) for the purpose of establishing and confirming diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**LEGAL STANDARD**

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. 28 U.S.C. § 1332(a)(1); MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). Citizenship for diversity purposes is determined at the time the suit is filed. MacGinnitie, 420 F.3d at 1239. "Complete diversity requires 'every plaintiff [to] be diverse from every defendant.'" Mid-Continent Cas. Co. v JWN Constr., Inc., 823 F App'x 923, 927 (11th Cir 2020) quoting Triggs v. John Crump Toyota, Inc., 154 F.3d 1284,

1287 (11th Cir. 1998). "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Id. quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, (1989).

In order to satisfy Plaintiff's burden to establish diversity of citizenship, the preponderance of evidence standard applies. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  It is sufficient for a party asserting diversity jurisdiction "to allege (if factually correct) that [she] is domiciled in [state]." Simon v Pierre, 2025 US Dist. LEXIS 57968, at *5-6 (S.D. Fla Feb. 26, 2025).  Importantly, "[d]efective allegations of jurisdiction may be amended." 28 U.S.C. § 1653.[1]

## **SATISFACTION OF SUBJECT MATTER JURISDICTION**

The Court's Order to Show Cause orders the Plaintiff to show why "the Court should not dismiss this case for lack of subject matter jurisdiction" and "include corrected allegations about the Parties' citizenship." See Dkt. No. 3 at 3.  Plaintiff apologizes to this Court for failing to identify the domicile of both the Plaintiff and Defendant, and instead identifying only the residence of each party.  As this Court correctly pointed out, residence is not synonymous with domicile.  Id. at 2.  This was an administrative error; Plaintiff sincerely regrets wasting the Court's time and resources as a result of the error.

As the First Amended Complaint enclosed herein demonstrates, Plaintiff is domiciled in the state of Georgia, while the Defendant is domiciled in the state of Texas.[2]  Both individual parties are citizens

---

[1]      As directed by the Court (Dkt. No. 3 at 3), attached hereto as Exhibit A is a draft First Amended Complaint which contains "corrected allegations about the Parties' citizenship." Id. Pursuant to Federal Rule of Civil Procedure 15(a)(2), with the Court's leave, Plaintiff will promptly file the First Amended Complaint attached hereto.
[2]      Attached hereto at Exhibits B and C are the declarations of Plaintiff and the undersigned, respectively, establishing the basis for diversity among the parties.

of their respective states where domiciled for purposes of establishing the existence of diversity jurisdiction under 28 U.S.C. § 1332, and as a result, complete diversity exists.

Based on the foregoing, the Court has subject matter jurisdiction over the Parties pursuant to 20 U.S.C. § 1332.  Accordingly, Plaintiff respectfully requests that the Court find she has shown good cause to establish diversity between the parties and further requests that the Court grant leave, pursuant to Federal Rule of Civil Procedure 15(a)(2), to file the First Amended Complaint attached hereto as Exhibit A.[3]

Dated: New York, New York
      May 21, 2026

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
      BENNITTA L. JOSEPH, ESQ.
      825 Third Avenue, Suite 2100
      New York, New York 10022
      Tel.: (212) 227-5700
      Fax: (212) 656-1889

      *Attorney for Plaintiff*

---

[3] Plaintiff reserves the right to amend the operative Complaint as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Id.